

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

August 30, 1960

Honorable Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Dear Mr. Calvert:

Opinion No. WW-924

Re: Interpretation of Art.
6.04, Title 122A,
Taxation-General, levying
a use tax upon certain
motor vehicles.

Your recent letter advises us that certain questions
have arisen concerning the interpretation of Art. 6.04 of
Title 122A, Taxation-General, and requests our opinion on
several of them. We will consider your questions in order,
the first of which is as follows:

"(1) Article 6.04 is entitled 'New Resident
Use Tax,' but there is no definition
of a 'new resident' included in this
Article. Would you please give us a
definition of 'new resident' as applied
to the provisions of the Motor Vehicle
Use Tax."

Article 6.04 reads as follows:

"When a person makes application for the
initial certificate of title in this
State on a particular motor vehicle, he
shall pay a use tax on that motor vehicle
in the sum of Fifteen Dollars ($15.).
No certificate of title or motor vehicle
registration for such motor vehicle shall
be issued until the use tax imposed by
this Article has been paid. However, a
person is not liable for the tax imposed
by this Article if the sales or use tax
imposed by any other provision of this
Chapter has been previously paid upon
such motor vehicle. It is the purpose
of this subsection to impose a use tax
upon motor vehicles brought into this
State by new residents of this State.
Acts 1959, 56th Leg. 3rd C.S., p. 187,
ch. 1."

Note that the incidence of the tax is "When a person makes application for the initial certificate of title in this State. . ."  The last sentence of the Article, however, makes it clear that the term "person" means a "new resident".

As to the definition of the term "resident", it is stated in 77 C.J.S., p. 306:

> "Generally, the construction or significance of the term is governed by the connection in which it is used, and depends on the context, the subject matter and the object, purpose, or result designed to be accomplished by its use, and its meaning is to be determined from the facts and circumstances taken together in each particular case.
>
> . . . ."
>
> "In order to constitute a person a resident of a particular state, he must intend to make, and actually make, that state his home, although he need not have determined to make it always his home.  Thus a person becomes a resident of a state when he is personally present at some place of abode within the state, with no present intention of definite and early removal, and with a purpose and intent to remain for an undetermined period, not infrequently, but not necessarily, combined with a design to remain permanently, and a person continues to be a resident of the state where he is domiciled even though temporarily absent therefrom, but a person is not a resident when he gives up his home and leaves the state to return to his domicile.  For some purposes a person may be a resident of more than one state.
>
> "Whether a person is or is not a resident of a particular place is a question of law and fact, to be determined from all the facts of each particular case, but mere

> isolated facts cannot be relied on
> wholly to determine the question."

In Owens v. Stovall, 64 S.W.2d 360 (Tex.Civ.App. 1933, err.ref.), the court observed that the definition of the term, when used in a statute, "depends on the legislative purpose as well as the context, and must be construed in accordance therewith." See Houston Printing Co. v. Tennant, 120 Tex. 539, 39 S.W.2d 1089 (1931). See also Switzerland Gen. Ins. Co., Ltd. v. Gulf Ins. Co., 213 S.W.2d 161 (Tex.Civ.App. 1948, err. dism'd) and McBeth v. Streib, 96 S.W.2d 992 (Tex.Civ.App. 1936) and cases cited therein.

In the light of the avowed Legislative purpose, succintly expressed in the final sentence of the Article, and of the above authorities, we believe that a person is a "new resident" within the meaning of this provision when he had abandoned his former residence and come to this State with an intention of becoming a resident of Texas. As indicated above, it is not necessary that he intend to remain here permanently, but he must be more than a mere transient. Intention may be established from surrounding circumstances and facts, such as the purpose for which the person is within the State, his length of stay, and the establishment of a home here. Ordinarily, the very act of making application for a Texas certificate of title --- the taxable incident is a circumstance evidencing intention to become a resident of this state. As the question will in each instance be one of fact, it is impossible to lay down a more definite yardstick by which to determine taxability.

It was held in Attorney General's Opinion No. V-1405 that a soldier who is a resident of another state stationed in Texas under military orders is not a new resident of the state for the purpose of this tax. However, it was also pointed out that the soldier may abandon his former residence and become a resident of this state. Such abandonment and intention, it was said, must be accompanied by positive acts and circumstances indicated such intent. We here reaffirm that opinion.

Your second question is as follows:

"(2)    Other questions have arisen regarding a new person, firm or corporation coming into Texas for the first time on proper application to do business. It is the intention of this new person, firm or corporation to permanently remain in Texas and to engage in business in Texas necessitating the use of automotive

equipment.  This new person, firm or
corporation now owns a fleet of vehicles
located out of State and do not antici-
pate bringing all of those vehicles into
Texas at one time, but will stagger
delivery of their vehicles to the new
Texas business.

"(a)    As a new resident, is the new person,
        firm or corporation entitled to the
        provisions of Article 6.04 allowing
        for the payment of $15.00 in lieu of
        other use tax for the vehicle?

"(b)    Will this new resident be allowed to
        claim the provisions of Article 6.04
        on all of its staggered vehicles?

"(c)    How long will this new person, firm
        or corporation remain a new resident
        for the provisions of this Article?
        Will it be until the new person, firm
        or corporation has accepted delivery
        on all its vehicles to which it was the
        legal owner on the date of securing
        its permit to do business in Texas,
        or will the date be at some other time?

"(d)    If new residence terminates at some
        other time other than the acceptance
        of the legally owned vehicles, when
        will it be?"

Clearly, the new person, firm or corporation[1] is en-
titled to the provisions of Art. 6.04, as is any other "new
resident".  Any other interpretation would be discriminatory.

For purposes of discussion, we will consider parts
(b), (c) and (d) of this question together.  It is our opinion
that the new person, firm or corporation will be a "new resident"
under Art. 6.04 until he has accepted delivery in Texas of all
vehicles legally owned at the time of securing the permit to do
business in this State.  This conclusion is prompted by a

---

[1] A "corporation" is considered a "person" for this purpose.  See
Art. 23, Subdiv. 2, R.C.S.; 13 Am.Jur. Corporations, sec. 9 et seq.

concurrent consideration of the provisions of Art. 6.03, which reads as follows:

> "There is hereby levied a use tax upon every motor vehicle purchased at retail sale outside of this State and brought into this State for use upon the public highways thereof by a resident of this State or by a person, firm or corporation domiciled or doing business in this State.  Such tax shall be equal to one and one-half per cent (1.5%) of the total consideration paid or to be paid for said vehicle at said retail sale.  The tax shall be the obligation of and be paid by the person, firm, or corporation operating said motor vehicle upon the public highways of this State.  Acts 1959, 56th Leg., 3rd C.S., p. 187, Ch. 1."

Note that the use tax in Art. 6.03 is levied only when (a) a motor vehicle is purchased at retail sale (b) outside of this State, and (c) brought into this State for use upon the public highways (d) by a resident of this State or by a person, firm or corporation domiciled or doing business in this State.  If the person, firm or corporation referred to in your question already owned the vehicles at the time of entering this State for the purpose of becoming domiciled or doing business here, the taxable requisites have not occurred and no tax accrues under Article 6.03.  It must be assumed, from the Legislative purpose evident in the two articles (i.e., to levy a use tax upon vehicles being brought into the State for use upon its highways), that it was not intended to allow such a person, firm or corporation to belatedly import vehicles completely tax-free.  Therefore, such vehicles are subject to the "New Resident Use Tax" under Art. 6.04.  It is, of course, obvious that the provisions of Art. 6.04 would not apply to any vehicles purchased at retail by the person, firm or corporation subsequent to the date it became a new resident or began doing business in the State.  If such sale occurred outside the State and the vehicle were subsequently brought into the State for use upon the highways, a tax would accrue under Art. 6.03.  If the sale occurred within the State, then, of course, the tax upon domestic retail sales as levied by Art. 6.01 of Title 122A would accrue.

## SUMMARY

A person is a "new resident" under the provisions of Art. 6.04, Title 122A, Taxation-General, R.C.S., imposing a use tax on certain motor vehicles, when surrounding facts and circumstances indicate that he has abandoned his former residence and has become a resident of this State. A person, firm or corporation is a "new resident" under these provisions until and only until it has accepted delivery in Texas of all vehicles legally owned by it at the time it became a "new resident".

Yours very truly,

WILL WILSON
Attorney General of Texas

By
James R. Irion
Assistant

JRI:jip

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

Ben M. Harrison
Marietta McGregor Payne
C. K. Richards

REVIEWED FOR THE ATTORNEY GENERAL
By:  Houghton Brownlee